UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHADWICK ST. LOUIS,                         :

      Plaintiff,                              :

      v.                                      :    Case No. 3:19cv320(KAD)

DR. JOHNNY WU, ET AL.,                      :

      Defendants.                             :

ORDER ON MOTION [ECF 38]

The court construes the Plaintiff's Motion to Compel/Petition for Mandamus as a motion

to reconsider the Court's denial of his previous request that the Court appoint counsel to

represent him or to alternatively order the Department of Corrections to provide him with legal

assistance. The motion for reconsideration is GRANTED, but the relief requested is DENIED.

Plaintiff relies upon *Bounds v. Smith*, 430 U.S. 817 (1977). Preliminarily, the court

observes that the motion is more akin to a request for a restraining order/mandatory injunction

against the Defendants. The Plaintiff has not satisfied the extraordinary requirements of such

relief. *See, Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global*

*Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir.

2010))(A mandatory preliminary injunction "should issue only upon a clear showing that the

moving party is entitled to the relief requested, or where extreme or very serious damage will

result from the denial of preliminary relief."); *Tom Doherty Assocs., Inc. v. Saban Entertainment*

*Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear"

or "substantial" showing of likelihood of success on the merits of his claim). The motion could

be denied on this basis alone.  However, the Court addresses the legal question raised because

the Plaintiff misapprehends the scope and holding of *Bounds.*

*Bounds* was abrogated by *Lewis v. Casey*, 518 U.S. 343 (1996). The *Lewis* Court held that *Bounds* did not "create an abstract, free-standing right" to either a law library or adequate assistance from a person trained in the law. Rather to assert claims under *Bounds,* a Plaintiff must establish an actual injury. *Id.* at 351.  The court held:

> Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id.,* at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.
>
> Although *Bounds* itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite. And actual injury is apparent on the face of almost all the opinions in the 35–year line of access-to-courts cases on which *Bounds* relied, see *id.,* at 821–825, 97 S.Ct., at 1494–1497. Moreover, the assumption of an actual-injury requirement seems to us implicit in the opinion's statement that "we encourage local experimentation" in various methods of assuring access to the courts. *Id.,* at 832, 97 S.Ct., at 1500. One such experiment, for example, might replace libraries with some minimal access to legal advice and a system of court-provided forms such as those that contained the original complaints in two of the more significant inmate-initiated cases in recent years, *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)—forms that asked the inmates to provide only the facts and not to attempt any legal analysis. We hardly think that what we meant by "experimenting" with such an alternative was simply announcing it, whereupon suit would immediately lie to declare it theoretically inadequate and bring the experiment to a close. We think we envisioned, instead, that the new program would remain in place at least **until some inmate could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.**

(Emphasis added.) *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

Here, St. Louis has successfully filed his complaint and is prosecuting his claim. He has access to the prisoner electronic filing program, which he has utilized very effectively to file multiple pleadings. He would also have access to the ILAP but for his decision to bring a claim

against them, thereby creating a conflict of interest for those lawyers. As would be required for the relief sought, the Plaintiff has not demonstrated that his meaningful access to the courts is being denied. *See, Page v. Lantz,* No. 3:05CV1271 (MRK), 2007 WL 1834519, at *3-5 (D. Conn. June 25, 2007) (inmate's allegation that Department of Correction officials denied him access to courts when they failed to provide him with an alternative legal provider following Inmate Legal Assistance Program's determination that it could not provide further legal assistance to him because of a conflict that he created by seeking to join a lawsuit against the Program did not state a claim of a denial of access to courts because inmate had not demonstrated that he sustained an actual injury as a result of the defendants' conduct).

The relief sought in the motion for reconsideration is therefore DENIED. As previously ordered however, the Plaintiff may renew his request for the appointment of counsel should the facts that develop through the litigation warrant such appointment.

So Ordered, this 1st day of November, 2019.

_____/s/_____
Kari A. Dooley, U.S.D.J.